**LOUISVILLE GENERAL HOSPITAL,**
Petitioner,

v.

**Michael M. HELLMANN, Judge, Jefferson Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 26, 1973.

---

William O. Guethlein, William P. Swain, Louisville, for petitioner.

Gary L. Gardner, Eubanks, Gardner & Lorenz, Louisville, for respondent.

CATINNA, Commissioner.

On April 2, 1968, William David Bratcher was admitted to Louisville General Hospital for treatment of a head injury. He remained a patient in the hospital until his death on April 20, 1968. His widow, Betty Joyce Bratcher, subsequently qualified as administratrix of his estate and filed an action against Louisville General Hospital and certain doctors and nurses, alleging that William had been negligently left unattended and without proper and necessary medical care.

Although the medical record of William contained only two entries in regard to medical care he had received in the emergency room of the hospital between 8 p. m. and 6 a. m. on the following morning, Dr. William W. Atkinson testified that he had monitored the decedent's vital signs every thirty minutes during the time he was in the emergency room. The doctor stated that the failure to record each examination was the normal accepted procedure employed at the hospital.

In view of the testimony of the doctor, Betty Joyce moved that the trial court enter an order directing the hospital to produce for inspection and copying all emergency-room records compiled and prepared in the ordinary course of business of the hospital for each of the thirty days immediately preceding and including April 2, 1968, the date of the admission of the decedent, which order was duly entered by the court.

The hospital moved that this order be set aside and in support filed the affidavit of Edith Frey, Director of Medical Records, which stated in part as follows:

"It is a physical impossibility to produce these records as they are not kept by month, but rather filed under the patient's number.

"It should also be pointed out that there are approximately 5,000 persons that come into our Emergency Room per month and upon whom records are made."

The court overruled this motion, and General Hospital filed this petition for writ of prohibition.

Our discovery rules are exceedingly broad and liberal and vest in the trial judge a great amount of discretion in determining the extent of discovery that will be permitted in cases pending before him. It is not the desire of this court to impinge in any way upon the discretion of the trial court or to substitute its judgment for that of a trial judge who is on the scene and is familiar with the circumstances which necessitate orders allowing discovery. However, it would appear to us that an order which would require Louisville General Hospital to produce approximately 5,000 records for examination and copying places upon the hospital an undue burden and creates a hardship which is not commensurate with the results that may be attained.

Section 110 of the Kentucky Constitution places upon this court the obligation to supervise and control the orderly and expeditious administration of justice, protecting at all times, however, the inherent rights

of the people. In view of the fact that the information contained in the designated emergency-room records is of a confidential nature and their examination will involve many individuals who are not parties to this action, we are persuaded that the protection of these rights requires the entry of certain protective orders. Therefore, the trial court shall by order provide:

(1) The examination of the emergency-room records shall be confined to not more than 100 of such records which shall be selected at random.

(2) Before such emergency-room records are exhibited or anyone is permitted to copy them, the name, address, and other personal information which might identify the patient shall be so concealed that this information will not be available to the person examining the record.

For the reasons and upon the conditions set out herein, the petition for writ of prohibition is granted in part.

PALMORE, C. J., and JONES, MILLI-KEN, OSBORNE, REED, and STE-PHENSON, JJ., concur.